SINGER MANUF'G CO. v. NEW HOME SEWING-MACH. CO.

(Circuit Court, D. Massachusetts. December 13, 1895.)

1. PATENTS—VALIDITY—PRIOR ART—SEWING MACHINES.
   The Miller & Diehl patent, No. 224,710, for an improvement in sewing machines, *held* valid and infringed.

2. SAME—PRELIMINARY INJUNCTION—PRIOR DECISION—NEW EVIDENCE.
   A preliminary injunction will be granted upon the strength of a prior decision sustaining the patent, notwithstanding the introduction of new evidence, where the court is of opinion that, even if such evidence had been presented in the prior case, the result would have been the same.

This was a bill in equity by the Singer Manufacturing Company against the New Home Sewing-Machine Company for alleged infringement of a patent for an improvement in sewing machines.

Livingston Gifford and Lange & Roberts, for complainant.
John Dane, Jr., for defendant.

COLT, Circuit Judge. In Manufacturing Co. v. Schenck, 68 Fed. 191, Judge Coxe, in the Southern district of New York, after an exhaustive litigation, extending over a period of several years, sustained the validity of the Miller & Diehl patent, No. 224,710, and held that the defendant infringed the first and second claims. The patent is for an improvement in band-wheel bearings for sewing machines. Upon a petition for rehearing, the whole case was again considered by Judge Coxe, and the same conclusion reached. That case was against Allen Schenck, president of the New Home Sewing-Machine Company. The complainant, having obtained a decree in the New York suit, now brings this bill for the same infringement of the patent against the real defendant in that litigation, the New Home Sewing-Machine Company. The present hearing was had on motion for preliminary injunction. The main defense to this motion rests upon new evidence of the prior art, which was not before Judge Coxe in the prior suit. The only new evidence which seems to the court material, or entitled to weight, in the determination of this motion, is the so-called Whitehall Centennial Machine. The object of the Miller & Diehl patent was to do away with the rattling of the band wheel, and to reduce the friction in a sewing-machine stand. The specification says:

"On band wheels, as formerly constructed, having a bearing on a stud, the pitman was applied outside the bearing, causing a side or jamming movement, and excessive wear and lost motion. In our improvement the power is applied at the center, and the pressure is always directly upon the bearings, so that there is no tendency to a side or jamming motion, and the fric-

tion and wear are consequently reduced to the least amount. The crank is supported at one end by the central brace, and at the other end by one of the side pieces of the frame. By this arrangement a great advantage is obtained, as the crank presses down in direct line both upon the side of the frame and upon the central brace, thereby equalizing and distributing the weight throughout the entire frame, without any lateral pressure whatever, or any tendency to sag or break the side piece, E, or to rack the frame when the machine is in operation."

The Whitehall machine has not the "crank, C," of the patent, but it has an overhanging crank, fastened to one end of the shaft, such as was common in the prior art.

In the Whitehall machine the power of the pitman is not "applied at the center," and the pressure is not "always directly upon the bearings, so that there is no tendency to a side or jamming motion"; in other words, this device lacks the essential features of the Miller & Diehl machine. Without further discussion of this point, it may be said that the Whitehall machine is not the same in construction or mode of operation as the patented device. Assuming the new evidence now presented had been before Judge Coxe, I see no reason to believe that he would have reached a different conclusion. Nor have I any reason to doubt the soundness of Judge Coxe's opinion as to the validity and scope of the Miller & Diehl patent. The counsel for defendant attach importance to the language used by Judge Coxe in his opinion on the petition for rehearing, to the effect that, in order to obtain substantial relief, the complainant must bring a new suit in Massachusetts against "the real defendant, the New Home Sewing-Machine Company," in which the alleged newly-discovered evidence could be "presented with more care and deliberation than is possible upon the affidavits now before the court." Judge Coxe then proceeds to say: "The new evidence does not add materially to the record at final hearing. The new machine is of the same general type as other machines then before the court." In view of the fact that Judge Coxe considered the new evidence, and reached a conclusion upon it, I do not think his observations respecting the bringing of another suit are important as affecting the determination of the present motion.

Without passing upon the question of estoppel, I think the complainant is entitled to a preliminary injunction, under the general rules governing this class of motions. Motion granted.